FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No.   06-cv-01465- REB-KLM

NORRIS HARDIN, JR., as Father and Next of Friend
of DIAMOND HARDIN, a minor, and
NORRIS HARDIN, JR., individually,

      Plaintiffs,

v.

LISA VINCENT,

      Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

The matters before me are (1) **Defendant's Motion To Dismiss** [#8], filed November 29, 2006; and (2) **Defendant's Request for Ruling** [#21], filed July 10, 2007. I grant the motion to dismiss and deny the request for ruling as moot.

### I.  JURISDICTION

I putatively have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

Defendant moves to dismiss on the ground that she does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over her in this forum.  The assumption of personal jurisdiction over a non-resident defendant in a diversity case involves a two-step inquiry.  First, the defendant must be amenable to service of process under the forum state's long-arm statute.  *See* ***Wenz v.***

*Memery Crystal*, 55 F.3d 1503, 1056-07(10th Cir. 1995); *Dart International, Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541, 543 (D. Colo. 1995).  Second, the exercise of jurisdiction must comport with due process.  *Wenz*, 55 F.3d at 1507; *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287 (D. Colo. 1992).  Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry regarding whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state.  *International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945);  *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996).  "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).  Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Kuenzle*, 102 F.3d at 455.  General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if

2

those contacts are unrelated to the pending litigation.  ***Helicopteros Nacionales de Columbia***, 104 S.Ct. at 1872; ***Trierweiler***, 90 F.3d at 1533.

I have discretion to resolve the motion on affidavits and other written material. ***Behagen v. Amateur Basketball Association,*** 744 F.2d 731, 733 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 1879 (1985).  Plaintiffs have the burden to establish a *prima facie* case of personal jurisdiction.  ***Id***.  I must accept the well-pleaded allegations of the complaint as true.  ***Wenz***, 55 F.3d at 1505; ***Behagen***, 744 F.2d at 733.  However, plaintiffs have "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."  ***Pytlik v. Professional Resources, Ltd.,*** 887 F.2d 1371, 1376 (10th Cir. 1989).

### III. ANALYSIS

This action involves a single claim for negligence arising from a car accident that occurred in Fremont County, Wyoming.  Defendant is a resident of Riverton, Wyoming. Aside from the fact of defendant's involvement in an accident with a Colorado resident, there is no allegation or evidence that defendant has had any other contact with the State of Colorado.

There is no evidence or allegation that defendant has the type of continuing and systematic contacts with Colorado necessary to make out a case of general personal jurisdiction over her in this forum.  A federal court may assume specific jurisdiction over a non-resident defendant who "'purposefully avails [her]self of the privilege of conducting activities within the forum State, thus, invoking the benefits and protections

of its laws.'" ***Benally v. Amon Carter Museum of Western Art***, 858 F.2d 618, 625 (10th Cir. 1988) (quoting ***Hanson v. Denckla***, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the "unilateral activity of another party or a third person." ***Id***. (quoting ***Burger King Corp.,*** 105 S.Ct. at 2183 (internal citations and quotation marks omitted)). The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there." ***World-Wide Volkswagen Corp. v. Woodson***, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

It is clear beyond question that the facts giving rise to this lawsuit are patently insufficient to create a colorable claim for specific jurisdiction over defendant in this forum.[1] The Colorado long-arm statute does not confer personal jurisdiction over a non-resident defendant unless the injury itself occurred in Colorado. ***Wenz***, 55 F.3d at 1508; *see also* ***AST Sports Science, Inc. v. CLF Distribution Ltd.***, 2006 WL 686483 at *3 (D. Colo. March 16, 2006) (noting that under Colorado law, "'the place of the injury

---

[1] Plaintiffs claim, apparently without irony, that they need not establish defendant's minimum contacts with Colorado because the federal diversity statute confers jurisdiction over actions between citizens of different state. This argument evidences not only a profound misunderstanding of the difference between subject matter jurisdiction and personal jurisdiction, but moreover a rather incredible lack of awareness that both are necessary components of federal jurisdiction. *See* ***Gadlin v. Sybron International Corp.***, 222 F.3d 797, 799 (10th Cir. 2000) (quoting ***Ruhrgas AG v. Marathon Oil Co.***, 526 U.S. 574, 577, 119 S.Ct. 1563, 1566, 143 L.Ed.2d 760 (1999)) ("'Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.'"). This is such fundamental, black-letter law that I am frankly flummoxed that any attorney would be unaware of it, let alone an attorney who was admitted to the bar in 1989 and has appeared in at least six other cases in this federal district court since 2003.

is the place where the tort is committed'") (quoting **McAvoy v. District Court in and for the City and County of Denver**, 757 P.2d 633, 635 (Colo. 1988)).  Moreover, the injury itself "'must be direct, not consequential and remote.'"  **Wenz**, 55 F.3d at 1508 (quoting **Amax Potash Corp. v. Trans-Resources, Inc.**, 817 P.2d 598, 600 (Colo. Ct. App. 1991)).  "Hence, when both the tortious conduct and the injury occur in another state, the fact that plaintiff resides in Colorado and experiences . . . consequences here is insufficient to confer jurisdiction on a Colorado court."  **Id.** (citations and internal quotation marks omitted).  Such is the case here.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Defendant's Motion To Dismiss** [#8], filed November 29, 2006, is **GRANTED**;

      2.  That this case is **DISMISSED WITHOUT PREJUDICE**; and

      3.  That **Defendant's Request for Ruling** [#21], filed July 10, 2007, is **DENIED AS MOOT**.

      Dated August 17, 2007, at Denver, Colorado.

      **BY THE COURT:**

      **s/ Robert E. Blackburn**
      **Robert E. Blackburn**
      **United States District Judge**